### O'CONNELL v. BOSTON HERALD CO.

#### SAME v. COURIER–CITIZEN CO.

#### (Circuit Court, D. Massachusetts. March 16, 1904.)

#### Nos. 1,377, 1,378.

1. LIBEL—PRIVILEGE—EVIDENCE OF CARE.

Under the rule that on a question of privilege with respect to an al-
leged libelous publication, where there was an inaccuracy, defendant
is entitled to show that reasonable care was used, a defendant charged
with libel in publishing an inaccurate report of judicial proceedings is
entitled to show that the statements published were made from the writ-
ten opinion of an appellate court, although such opinion was not a part
of the record in the cause.

At Law. Actions for libel. On motions for new trial.

Bernard D. O'Connell, pro se.
Melvin O. Adams and Karl Adams, for the Boston Herald Co.
John J. Pickman, for the Courier-Citizen Co.

PUTNAM, Circuit Judge. These are suits against the various
companies publishing the newspapers named, growing out of an at-
tempt to report certain judicial proceedings. The part of the publica-
tion complained of by the plaintiff is, in one issue of one of the news-
papers, the words, "and that he has fraudulently altered the will," and,
in the others, the words, "the petitioner had made alterations in it
afterwards." The question here is about the propriety of admitting
in evidence in behalf of the defendants the opinion rendered in behalf
of the Supreme Judicial Court of Massachusetts affirming the verdict
of the jury as to certain portions of the alleged will. That opinion is
reported in O'Connell v. Dow, 182 Mass. 541, 66 N. E. 788.

The verdict of the jury contained no such finding as is stated in the
alleged libels. In some portions of the opinion it does not go beyond
the verdict. Other portions, especially at page 545, 182 Mass., page
789, 66 N. E., as the opinion is reported, read alone, might justify the
statements in the defendant newspapers to which the plaintiff objects,
or, rather, might, under all the circumstances, be held by the court or
the jury to justify those statements. It appears by the evidence of the
young man who made the report for the newspapers in question that
he examined the opinion on file in the office of the official reporter of

the Supreme Judicial Court in Boston, and that he made up his statement from it. It does not appear that he examined the bill of exceptions or the record proper. The plaintiff claims that in making his report he should have limited himself to the proper record of the case or to the bill of exceptions, and should not have examined, or drawn inferences of fact from, the opinion. He contends that the opinion is no part of the record, and that it is not the source from which the true facts of the case are to be drawn. Therefore, he says, inasmuch as there were inaccuracies in the opinion, and as the opinion, in certain portions of it, departed from the findings of the jury as shown by the record, it should not have been admitted for the purpose of protecting the defendants.

There is no doubt of the fact that the opinion is not a part of the record. In that respect the practice of the local courts conforms to the practice of the federal courts. Of course, there are exceptions where the court makes the opinion a part of the record; but in this case it is clear that it was not so made a part. It is also clear that the true source from which is to be derived an exact statement of the facts is the record itself; and therefore the plaintiff claims, as we have said, that the newspapers were not justified in publishing anything which was not shown by it, or in publishing what appeared in the opinion of the court which did not conform to it. If the defendant newspapers had restricted themselves accordingly, it is quite apparent that this particular expression of which the plaintiff complains would not have been published, because the basis of it is found only in the opinion, and no basis for it is found in the record proper.

The plaintiff relies, in reference to this proposition, on the discussion in Burt v. Advertiser, 154 Mass. 238, 28 N. E. 1, 13 L. R. A. 97, but the difficulty is that Burt v. Advertiser was not a case of privilege in the technical sense of the word, while published reports of current judicial proceedings are so privileged. They are so treated by all the authorities. It is not a matter of absolute privilege, like discussions in court, and in Congress, and in the jury room; but a privilege subject to certain limitations. So far as Burt v. Advertiser says anything with reference to cases of privilege, the observations are entirely against the plaintiff, who maintains that a report of public proceedings in a newspaper, to be justified, must be strictly and technically accurate. On the other hand, the Supreme Judicial Court in that particular decision points out at least one class of cases where accuracy is not required, but where all that is required is good faith. However that may be, in a case of privilege like this, we must follow the Circuit Court of Appeals in this circuit in Douglass v. Daisley, 114 Fed. 628, 52 C. C. A. 324, 57 L. R. A. 475, where it is apparent that it meant to hold that, on a question of privilege in connection with a publication, where there is inaccuracy, it is the right of the defendant to show that reasonable care was used, and that the inaccuracy arose notwithstanding it. On the whole question of reasonable care, looking at this also as a practical question, where should a newspaper reporter go for his information as to the history of legal proceedings, and of the nature of the decision in which the proceedings terminated? Probably the most accurate source of information would be a verbal

statement from the judge to the reporter personally. It seems to us that, under the rule of Douglass v. Daisley, if this reporter had taken as the basis of his information an oral statement by the judge, these newspapers could not be held responsible, because the judge, although informally and orally, stated to him the facts and conclusions of law as he understood them, and yet inaccurately. That probably, in the use of due care, would be the most satisfactory way of ascertaining the facts. In our judgment, the next most satisfactory way is to examine the official opinion of the court; and the least satisfactory way would be for a reporter to undertake to go through the record and the bill of exceptions, voluminous, and containing much irrelevant and inconsistent matter, and get out in that way what he should furnish the public. We can see no practical solution of this case, nothing which ought practically to guide us, except to say that, in our view, knowing the difficulty of understanding prolix and complicated legal proceedings, the opinion of the judge, written in behalf of the court, is ordinarily the best source of information for the public, and that, therefore, as it appears that this reporter examined the opinion which was offered in evidence, and the reporter based his statement in the newspapers on that, it was properly admitted in evidence.